### JOHN CLARY et ux. VS. ROBERT LOWRY.

1. PLEADING AND PRACTICE: *Allegations to be taken most strongly against the pleader.*

It is a well established rule of pleading, that the allegations of pleadings must be taken most strongly against him who pleads.

2. *Case in judgment.*

The goods, etc., mortgaged having remained in the possession of the grantor and never being delivered to the trustee, and the conditions of the deed having been broken for a long time and no effort made to foreclose, and the allegations of the bill being vague and indefinite in not disclosing what goods were levied upon, the demurrer should have been sustained and the bill dismissed.

APPEAL from the Chancery Court of *Rankin* County.

Hon. W. B. PEYTON, Chancellor.

Lowry exhibited his bill, alleging that Wilkinson executed to him as trustee for Jayne a deed of trust on November 16, 1867, to secure a debt of $642.65, due December 18, 1867, conveying " all the stock of goods, wares, merchandise and groceries, and all other articles of any and all description whatever then in the store of the said Wilkinson, and all goods that the said Wilkinson might afterwards add to his stock from time to time in the house called ' Wake Robin Saloon,' in the town of Brandon." That subsequent thereto, to wit, on May 11, 1871, Clary sued out an attachment for rent due, $200, levied on goods in possession of Wilkinson. Complainant replevied the goods ; trial was had

and complainant recovered judgment. A new trial was granted, but he filed the bill for injunction and prayed that an account be taken, and for an adjudication of their respective rights in equity, and for general relief. There was a demurrer and a motion to dissolve the injunction; both were overruled and an appeal taken.

The following errors are assigned:

1. The court below erred in overruling the demurrer.

2. The court below erred in overruling the motion to dissolve the injunction.

*Cole & Henry* and *J. A. Brown*, for appellants: cited 41 N. H., 476; 3 Cush., 306; 14 Cow., 266; 12 Wall., 362; 2 Cush., 294; 40 Miss., 561; 10 Md., 466; 10 Met., 481; 2 Wend., 596; 10 Barb., 102; 9 Vt., 358; 6 Mo., 575; 42 Miss., 785; 48 id., 525; 20 Ohio, 389; 3 Blackf., 309; 13 Barb., 380; 3 Met., 117; 4 Comst., 580; 40 Penn., 57; 46 Miss., 344; 11 S. & M., 539, 540.

*Mayes & Lowry*, for appellees, cited 10 Metcf., 481; 40 Maine, 561; 33 Conn., 577; 11 Wis., 207; 2 Story, 644; 26 Ala., 353; Sillers v. Lester, 48 Miss, 513.

CAMPBELL, J., delivered the opinion of the court.

Complainant exhibited his bill averring that on the 16th November, 1867, Tom Wilkinson executed a deed of trust to secure a debt to Jayne, to mature on the 18th December, 1867, and by it conveyed to complainant as trustee, "all the stock of goods, wares, merchandise and groceries, and all other articles of any and all descriptions whatever, then in the store of said Wilkinson, and all goods that the said Wilkinson might afterwards add to his stock from time to time in the house called Wake Robin Saloon, in the town of Brandon." The deed was properly acknowledged and duly recorded. On May 11, 1871, attachment for rent in favor of plaintiffs in error was levied on certain goods in the possession of Wilkinson, acquired by him after the execution of the deed of trust; but what these goods are, and whether they consist of additions made by Wilkinson to the stock of goods in "Wake

Robin Saloon," does not distinctly appear from the bill, which was demurred to by the attaching creditors against whom it was exhibited.

To sustain the decree which overruled the demurrer, we must indulge a presumption as to the facts most favorable to complainant, in violation of the rule that the allegations of his pleading must be taken most strongly against him who pleads, and must announce that a deed of trust made by a shopkeeper, conveying his goods and such additions as he may thereafter make to them, to secure a debt payable in one month upon default in which the condition in the deed of trust is broken, is three and one-half years afterwards entitled to precedence of satisfaction out of after-acquired goods over a supervening attachment levied on such goods in the possession of the grantor in the deed of trust, and which were never delivered to the trustee nor in his possession.

We are not prepared to announce such a doctrine as applicable to the facts of this case, and reverse the decree, and sustain the demurrer, and dismiss the bill.